IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO SANCHEZ,

        Plaintiff,

    v.                                 No. CIV-14-0779 LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

**THIS MATTER** is before the Court on Plaintiff's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support (Doc. 24)*, filed January 5, 2016. The Commissioner filed a response in opposition to the motion on January 19, 2016 [*Doc. 25*], and Plaintiff filed a reply on February 10, 2016 [*Doc. 29*]. Plaintiff asks the Court for an award of attorney fees in the amount of **$6,966.62** as authorized by the Equal Access to Justice Act (hereinafter "EAJA") at 28 U.S.C. § 2412(d). [*Doc. 24*]. The Commissioner opposes the motion because she asserts that her position in this case was substantially justified. [*Doc. 25*]. Having considered the motion, response, reply, the record in this case, and relevant law, the Court **FINDS** that Plaintiff's motion is well-taken and shall be **GRANTED**.

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) there are no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). The Commissioner bears the burden of showing

that her position was substantially justified. *See Hackett*, 475 F.3d at 1172. "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* (*quoting Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). The Commissioner must show that her position was "justified to a degree that could satisfy a reasonable person." *Hackett*, 475 F.3d at 1172 (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). A court's remand order does not mean, *ipso facto*, that the Commissioner's position was not substantially justified; that is, her "position can be justified even though it is not correct," that is, "if it has a reasonable basis in law or fact." *Hackett*, 475 F.3d at 1172 (*quoting Pierce*, 487 U.S. at 566, n.2). However, even when the Commissioner prevails on most issues before the district court, the Court can still find that the Commissioner "acted unreasonably in denying benefits at the administrative level." *Hackett*, 475 F.3d at 1174, n.1.

In this case, this Court entered a ***Memorandum Opinion and Order*** [*Doc. 22*], which granted Plaintiff's motion to reverse or remand the administrative agency decision, and remanded this case to the Commissioner for further proceedings consistent with the Memorandum Opinion and Order. The Court found: (1) that the ALJ did not err in her treatment of Plaintiff's treating physician, Dr. Sanchez (*Doc. 22* at 7-10); and (2) that the ALJ erred in her consideration of the opinions of state agency physicians Dr. Murphy and Dr. Robinowitz (*id.* at 10-13).

The Commissioner first contends that her position in this case was substantially justified with regard to the ALJ's consideration of Dr. Murphy's opinions. In its Memorandum Opinion and Order, the Court found that the ALJ failed to consider Dr. Murphy's findings that Plaintiff is markedly limited in his abilities to carry out instructions, concentrate, and persist at tasks due to Plaintiff's psychological problems, and Dr. Murphy's assignment of a Global Assessment of Functioning score of 31, which indicates that Plaintiff has "[s]ome impairment in reality testing or

communication," or "major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood" (DSM-IV-TR at 34).  *See* [*Doc. 22* at 10-11] (citing *Doc. 12-12* at 28).  The Court found that the ALJ's failure to explain why she rejected these findings was legal error, and the Court rejected the Commissioner's attempt to supply a reason for why the ALJ rejected the findings.  *See* [*Doc. 22* at 11-12] (citing Soc. Sec. Rep. 96-8p, 1996 WL 374184 at *7, and *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004)).

The Commissioner contends that her position was substantially justified because the ALJ discussed Dr. Murphy's opinions "in the context of a broader paragraph, weighing and discussing the evidence of Plaintiff's mental impairments," and that this discussion made it "at least arguable that the ALJ's reasoning could be discerned from the discussion."  [*Doc. 25* at 2].  The Commissioner further contends that her position was substantially justified because she "was only presenting a form of harmless-error argument" and, therefore, "arguably was not offering a post-hoc rationalization."  *Id.* at 3.  The Court finds that these contentions are without merit. The Tenth Circuit has held that where the Commissioner attempts to cure the ALJ's errors based on reasons that the ALJ did not explicitly cite, the Commissioner's position is not substantially justified and the denial of EAJA fees is proper.  *See Hackett*, 457 F.3d at 1175.  In addition, the cases relied on by the Commissioner in support of her contention that her position was substantially justified do not involve the issue of whether the Commissioner was substantially justified such that an award of attorney fees under the EAJA would be improper.  *See* [*Doc. 25* at 3] (citing *Nat'l R.R. Passenger Corp. v. Boston & Maine Corp.*, 503 U.S. 407, 419-20 (1992), *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004), and *Poppa v. Astrue*, 569 F.3d 1167, 1172, n.4 (10th Cir. 2009)).  For these reasons, the Court finds that the

Commissioner's position was not substantially justified with regard to the ALJ's consideration of Dr. Murphy's opinions.

Next, the Commissioner contends that her position was substantially justified with regard to the opinions of Dr. Robinowitz. [*Doc. 25* at 3]. Dr. Robinowitz found moderate limitations in Plaintiff's abilities to: understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or proximity to others without being distracted by them; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; respond appropriately to changes in the work setting; be aware of normal hazards and take appropriate precautions; and set realistic goals or make plans independently of others. *See* [*Doc. 22* at 11] (citing *Doc. 12-12* at 47-48).

In its Memorandum Opinion and Order, the Court found that the ALJ erred by failing to explain why she rejected all of these limitations and found, instead that Plaintiff's "treatment providers have assigned no degree of limitations to him." [*Doc. 22* at 11] (citing *Doc 12-3* at 24). The Court considered the Commissioner's contention that the ALJ did not err by failing to account for Dr. Robinowitz' findings of moderate limitations, which were in Section I of his Mental Residual Functional Capacity ("RFC") Assessment, because the ALJ properly relied on Dr. Robinowitz' finding in Section III that Plaintiff "can perform simple routine work-related tasks in a normal workday/workweek without interference from psychological symptoms." *See id.* at 12 (citing the Commissioner's response to Plaintiff's motion to reverse or remand, *Doc. 19* at 10).

4

The Court rejected the Commissioner's contention, explaining that Dr. Robinowitz' Section III conclusion did not account for all of the moderate limitations he found in Section I (*see Doc. 22* at 12, comparing *Doc. 12-12* at 47-48 with *Doc. 12-12* at 49). The Court found that the case the Commissioner relied on for her contention, *Carver v. Colvin*, No. 14-5056, 2015 WL 307084, 600 Fed. Appx. 616, 619 (10th Cir. Jan. 20, 2015) (unpublished), does not support the Commissioner's contention because, in that case, the state agency consultant "adequately encapsulated" in Section III the findings of limitations in Section I. Here, however, the Court found that Dr. Robinowitz' conclusion in Section III that Plaintiff can perform simple work-related tasks fails to account for most of his findings of moderate limitations in Section I. The Court further found that the ALJ's RFC determination does not even account for Dr. Robinowitz' conclusion at Step III because the ALJ did not limit Plaintiff to simple, routine work, and, instead, only limits Plaintiff to occasional interaction with the public in person. *See Doc. 22* at 12 (citing *Doc. 12-3* at 22-23). Thus, the Court distinguished the facts in this case from the facts in *Carver*, and noted that the Tenth Circuit explained in *Carver* that an ALJ cannot "turn a blind eye to moderate Section I limitations," and, "if a consultant's Section III narrative fails to describe the effect that each of the Section I moderate limitations would have on the claimant's ability, or if it contradicts limitations marked in Section I, the [Mental] RFC [Assessment] cannot properly be considered part of the substantial evidence supporting an ALJ's RFC finding." *See Doc 22* at 12-13 (citing *Carver*, 600 Fed. Appx. at 619; *Haga v. Astrue,* 482 F.3d 1205, 1208 (10th Cir. 2007); *Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008); and Soc. Sec. Rep. 96-8p, 1996 WL 374184 at *7).

      The Commissioner contends that her position in defending the ALJ's treatment of Dr. Robinowitz' opinions was substantially justified because the Court improperly relied on

*Carver*, an unpublished case, for its opinion. [*Doc. 25* at 3-4]. Incredibly, the Commissioner fails to note that the Court addressed the opinion in *Carver* because **the Commissioner** relied on that case for her contention that the ALJ did not err in her treatment of Dr. Robinowitz' opinion. *See* [*Doc. 19* at 10] (the Commissioner's response in opposition to Plaintiff's motion to reverse or remand). The Court, therefore, did not rely on *Carver* for its holding. Instead, it explained that *Carver* does not support the Commissioner's contention that the ALJ properly considered Dr. Robinowitz' opinions, and the Court further relied on two published cases and a Social Security ruling for its holding.

The Commissioner also contends that her position was substantially justified because she contends that the Court second guessed Dr. Robinowitz (*see Doc. 25* at 3-4), and contends that "[t]he ALJ could at least arguably rely on the expert, Dr. Robinowitz, to decide how generalized Section I limitations translated into specific Section III limitations" (*id.* at 4). The Court disagrees. As explained by the Court in its memorandum opinion and order, the ALJ erred by relying on Dr. Robinowitz' Section III conclusion because that conclusion did not account for his findings of limitations in Section I. [*Doc. 22* at 12]. Importantly, the Court further explained that "the ALJ's RFC determination does not even account for Dr. Robinowitz' conclusion at Step III because the ALJ did not limit Plaintiff to simple, routine work, and, instead, only limited Plaintiff to occasional interaction with the public in person." *Id.* (citing *Doc. 12-3* at 22-23). Therefore, the Court did not second-guess Dr. Robinowitz in its finding that the ALJ failed to properly consider his opinions. For these reasons, the Court finds that the Commissioner was not substantially justified in her position with regard to the ALJ's treatment of Dr. Robinowitz' opinions.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Plaintiff's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support (Doc. 24)* is **GRANTED**, and that Plaintiff is authorized to receive **$6,966.62** in attorney's fees for payment to his attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that, if Plaintiff's attorney is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's attorney shall refund the smaller award to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 n.4 (2010) (explaining that, if a claimant's attorney is ultimately granted attorney fees under § 406(b) out of the claimant's benefit award, the claimant's attorney must refund to the claimant the amount of the smaller fee).

**IT IS SO ORDERED.**

*[signature]*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**