IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO SANCHEZ,

    Plaintiff,

vs.                                                                            CIV 14-0779 LAM

NANCY A. BERRYHILL, Acting Commissioner
of the Social Security Administration,[1]

    Defendant.

## **ORDER GRANTING § 406(b) ATTORNEY FEES**

THIS MATTER is before the Court on Plaintiff's Motion for an award of $14,956.50 in attorney fees under 42 U.S.C. § 406(b)(1). *Doc. 32.* Defendant has notified the Court that it has no objection to the petition in this case. *Doc. 34.* Being fully advised in the premises, the Court finds that Plaintiff's Motion is well-taken and should be granted.

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. The court may award fees under § 406(b) when "the court

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is therefore substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493-96 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25% of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 798, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than 25% of the past-due benefits because there is no presumption that 25% is reasonable. *Id.* at 807 n. 17. Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

In this case, the Court has given due consideration to the above factors and finds that Plaintiff has met his burden in demonstrating that the requested award is both

2

appropriate and reasonable.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for attorney fees under § 406(b) is **granted.** The Court hereby authorizes $14,956.50 in attorney fees for legal services rendered in United States District Court, to be paid by the Social Security Administration. Plaintiff's counsel must refund to Plaintiff the EAJA fee previously awarded by this Court in the amount of $6,966.62, or, if applicable, only such portion of the EAJA fee not subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)).       .

_____
UNITED STATES CHIEF MAGISTRATE JUDGE